# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO LUIS WILLIAMS, | ) | 1:06cv1097 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | |
| WILLIAM M. WUNDERLICH, SANDRA M. SNYDER, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Antonio Luis Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on August 21, 2006, and names United States Magistrate Judges William M. Wunderlich and Sandra M. Snyder as Defendants.  Plaintiff alleges that the Defendants committed judicial misconduct in presiding over two cases currently pending in this Court: 1:05cv1560 OWW WMW and 1:06cv0511 AWI SMS.

DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1  § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to
2  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
3  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
4  B.    Failure to State a Claim
5      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
8  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
14     In his complaint, Plaintiff alleges that Magistrate Judge Wunderlich and Magistrate Judge
15 Snyder have committed judicial misconduct in Plaintiff's two other cases pending in this Court.
16 He alleges that in case 1:05cv1560 OWW WMW, Judge Wunderlich has refused to issue an
17 order for medical treatment and prohibiting prison officials from harassing Plaintiff.  He also
18 alleges that Judge Wunderlich is biased against him.  In case 1:06cv0511 AWI SMS, Plaintiff
19 alleges that Judge Snyder has conspired with Judge Wunderlich and has issued biased rulings.
20 Plaintiff requests that orders be issued to direct the Defendants to cease the actions of which
21 Plaintiff complains.
22     Plaintiff's complaint is deficient because Judge Wunderlich and Judge Snyder, the only
23 Defendants named, are entitled to absolute judicial immunity.  Judges are absolutely immune
24 from damages actions for judicial acts taken within the jurisdiction of their courts.  Schucker v.
25 Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976).
26 Accordingly, the complaint must be dismissed without leave to amend as allowing an
27 amendment would be futile.
28

The Court also notes that Plaintiff's allegations are little more than conclusory statements made as a result of his frustration over the manner in which his other two actions are proceeding. In 1:05cv1560 OWW WMW, Plaintiff has filed more than 15 motions since the action was transferred to this Court in December 2005. Pursuant to his requests, Plaintiff has been granted two opportunities to amend his complaint, but instead of filing an amended complaint, Plaintiff has responded with additional motions. Similarly, Plaintiff has filed seven motions in 1:06cv511 AWI SMS since the case was filed on April 28, 2006, each of which was timely addressed by the Court. To the extent that Plaintiff is frustrated over the pace at which his actions are proceeding, he is reminded that the Court has an extremely large number of cases pending before it and addresses all motions in due course.

RECOMMENDATION

The Court therefore recommends that the complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **September 1, 2006**             **/s/ Dennis L. Beck**
3c0hj8                                     UNITED STATES MAGISTRATE JUDGE